UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGE THOMAS RHODEN and
KRISTIN ELAINE RHODEN,
husband and wife,
Plaintiffs,

v.                                                                    Case No.: 6:26-cv-1382

R & L FAMILY, LLC,
a Florida limited liability company
Defendant.

_____/

**COMPLAINT**
**DEMAND FOR A JURY TRIAL**

Plaintiffs George Thomas Rhoden and Kristin Elaine Rhoden ("Plaintiffs"),

by and through undersigned counsel, sue Defendant R & L Family, LLC ("R & L"),

and allege:

**INTRODUCTION**

This is an action for damages and other relief arising from the sale of four

platted lots on Little Gasparilla Island, Charlotte County, Florida. Little Gasparilla

Island is a bridgeless barrier island accessible only by water, with no public access

points and all parcels privately owned. Before Plaintiffs purchased the Property, R &

L, through its owner Robert S. Roberts, represented that the Property had bay-side

dock access through assigned dock association membership. The Property listing also

represented that the Property had "Water Access: Yes" and must be accessed by boat or water taxi. Plaintiffs relied on those representations, as well as the Contract's express warranty that the Property "presently has ingress and egress." After closing, Plaintiffs learned that the Property was not recognized as having any dock rights or dock association membership, and that the relevant community dock associations took the position that Plaintiffs had no established right to membership or dock access for the Property. As a result, Plaintiffs' Property lacked any established legal or practical means of ingress and egress from the mainland to the Property by boat, dock, water taxi, or public access point. Plaintiffs suffered damages including diminution in value, incidental expenses, and loss of use.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

2. Plaintiffs are citizens of Minnesota.

3. Defendant R & L Family, LLC is a Florida limited liability company. Upon information and belief, the members of R & L Family, LLC are Robert S. Roberts, and Lois A. Roberts, who are citizens of Florida.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in Charlotte County, Florida, within this District.

5. This Court has personal jurisdiction over R & L because R & L is a Florida limited liability company that transacted business and sold Florida real property in Florida.

**PARTIES**

6. Plaintiffs George Thomas Rhoden and Kristin Elaine Rhoden are husband and wife and citizens of Minnesota.

7. Defendant R & L Family, LLC is a Florida limited liability company with its principal place of business in Florida. Upon information and belief, the members of R & L Family, LLC are Robert S. Roberts, and Lois A. Roberts, who are citizens of Florida.

8. At all relevant times, Robert S. Roberts acted for and on behalf of R & L as its owner and decision-maker.

9. Bob Helphenstine was the seller's Florida real estate sales associate identified in the Contract.

**FACTUAL ALLEGATIONS**

10. Plaintiffs purchased four platted residential subdivision lots located at 8194, 8198, 8190, and 8186 Grand Avenue, Placida, Florida, within W.A. McElya's Seaboard Subdivision on Little Gasparilla Island, Charlotte County, Florida.

11. In early 2021, Plaintiffs visited Little Gasparilla Island with Robert S. Roberts and Bob Helphenstine, and Roberts and his agent transported Plaintiffs to the

island by boat, landing on a dock. Little Gasparilla Island is a bridgeless barrier island accessible only by water.

12. The listing for the Property stated: "You must access the property by boat or there is a water taxi that runs to the Island."

13. The listing also stated: "Water Access: Yes."

14. The listing identified the Property as "Seller Represented."

15. During the site visit, in a joint conversation, the Rhodens asked how an owner would access the island daily, because there are no bridges or road access.

16. Roberts responded that each property on the island had assigned dock association membership and represented that the Grand Avenue lots were included in such an arrangement.

17. Plaintiffs understood Roberts's statement to mean that the Property had bay-side dock access sufficient for ordinary island use, and this would be the method for the Property owner to ingress and egress to and from the LGI Island.

18. Plaintiffs relied on Roberts's oral statement and the written listing in deciding to purchase the Property.

19. The statement was made before Plaintiffs signed the Contract and before the expiration of any feasibility period.

20. On March 20, 2021, Plaintiffs and R & L entered into a Vacant Land Contract for the purchase of the Property. The Contract was amended on April 6, 2021.

21. The purchase price was $175,000.

22. The Contract includes the following express warranty: "Seller warrants that the Property presently has ingress and egress."

23. The Contract also provides that the prevailing party in litigation permitted by the Contract is entitled to recover attorney's fees and costs.

24. Plaintiffs closed on the Property on June 23, 2021, and the deed was recorded on June 28, 2021, in the Public Records of Charlotte County, Florida.

25. After closing, Plaintiffs attempted to determine how the Property could be accessed and whether the Property had the dock access Roberts described.

26. Plaintiffs attempted to join community dock associations and were denied.

27. The associations' position was that Plaintiffs had no established right to dock association membership or dock access for the Property.

28. Plaintiffs also learned that the LGI Property Owners Association took the position that, because Plaintiffs' recorded deed contained no grant of dock rights or dock association membership, Plaintiffs' Property had no ability to join a community dock association and had no established dock rights

29. Plaintiffs further learned from LGI Property Owner's Association and other LGI persons their positions that the Property did not have the access rights Roberts described during the site visit or in the Property listing.

30. This lack of access rights position was communicated to the community dock associations.

31. Plaintiffs further learned that the water-taxi service described in the listing as providing access to the Island could transport only passengers who owned a dock,

had dock access, or were guests of an owner with dock access, because there are no public access points on Little Gasparilla Island.

32. The absence of established island access, through dock access was material because Little Gasparilla Island is accessible only by water, there are no public access points, and the Property's practical use depended on reliable ingress and egress.

33. While there is a Gulf beach front to the Island, there are no public access points on the beach, all properties above the Mean High Water Line are private, nor is it a reliable landing point for a boat.

34. As a result, Plaintiffs' Property lacked any established legal or practical means of ingress and egress from the mainland to the Property by boat, dock, water taxi, or public access point.

35. At the time Roberts made the challenged statements, R & L knew or should have known whether the Property had dock access, whether the Property was associated with any dock membership, whether the Water Taxi service was actually available without dock access, and whether the Property had the ingress and egress warranted in the Contract.

36. The absence of recognized established dock access rights was not readily observable to Plaintiffs prior to closing and was not disclosed by R & L.

37. Upon information and belief, the dock used by Roberts and Helphenstine during the 2021 site visit was privately owned, and neither Roberts nor Helphenstine had permission from the dock owner to use that dock. The use of that dock during the

site visit further misled Plaintiffs into believing the Property had lawful island access and boat access.

38. Had Plaintiffs known the truth, they would not have purchased the Property on the same terms and for the same price.

39. As a direct result of R & L's conduct, Plaintiffs suffered damages.

40. Through paragraph 17 of the Contract, Plaintiffs seek their reasonable attorney fees and costs.

**COUNT I**
**FRAUDULENT MISREPRESENTATION**
**(In the Alternative)**
**Against R & L**

41. Plaintiffs reallege paragraphs 1 through 40.

42. During the site visit to Little Gasparilla Island in or around March 2021, Robert S. Roberts, acting as owner and principal of Defendant R & L Family, LLC, and while in the presence of real estate sales associate Bob Helphenstine, Mrs. Roberts, George Rhoden and Kristin Rhoden, expressly represented to Plaintiffs that each property on Little Gasparilla Island had assigned dock association membership and that the four Grand Avenue lots comprising the Property were included in such an arrangement.

43. Roberts specifically represented that the Property had bay-side dock access sufficient to provide ordinary ingress and egress for island use.

44. This representation was made orally during the site visit while Roberts and Helphenstine were transporting Plaintiffs by boat to and from the Property.

45. The representation concerned a material fact, the existence of usable dock access rights, which is essential to the value and usability of property on a bridgeless barrier island with no public access points.

46. The representation was false. The Property has no assigned dock association membership, and according to the LGI Property Owner's Association, no recorded dock rights or easements, and no recognized established right to dock access. The recorded deed contains no grant of such rights, and the relevant dock associations have denied that the Property has any such rights or membership.

47. Roberts knew the representation was false, or made it with reckless disregard for its truth or falsity, because R & L had owned the Property before sale, marketed the Property as water-access property, and knew or had ready access to the deed, dock membership status, association records, and the absence of any recorded dock grant.

48. R & L had owned the Property before sale, marketed the Property as water-access property, and knew or had ready access to the deed, dock membership status, association records, and absence of any recorded dock grant.

49. Upon information and belief, R & L owned the Property during or after the 2014 legislative and community process addressing Little Gasparilla Island dock access and community dock association participation. During that process, property owners were provided communications and forms concerning dock association participation and compliance with Florida Department of Environmental Protection submerged-land lease requirements. R & L and Roberts were therefore

on notice of the need to determine whether the Property had established dock rights or dock association membership.

50. Roberts intended that Plaintiffs rely on the representation in deciding whether to purchase the Property.

51. Plaintiffs reasonably and justifiably relied on Roberts' specific oral representation, as well as the written representations in the Property listing, in deciding to enter into the Contract and complete the purchase.

52. As a direct and proximate result of Defendant's fraudulent misrepresentation, Plaintiffs suffered damages in excess of $75,000, including diminution in the fair market value of the Property, incidental costs, and loss of the intended use of the Property.

WHEREFORE, Plaintiffs demand judgment against Defendant for compensatory damages, prejudgment interest, costs and other such relief as the Court deems just and proper.

## COUNT II
## NEGLIGENT MISREPRESENTATION
### (In the Alternative)
### Against R & L

53. Plaintiffs reallege paragraphs 1 through 40.

54. R & L, through the Property listing and through Roberts, supplied false or misleading information concerning the Property's water access and dock access.

55. The listing stated that the Property and the Island could be accessed by boat or Water Taxi.

56. The listing stated that the Property had "Water Access: Yes" and that it must be accessed by boat or water taxi.

57. Roberts's oral statement conveyed that the Property had a usable dock-access arrangement through assigned dock association membership.

58. Those statements were material to Plaintiffs' decision to purchase.

59. R & L failed to exercise reasonable care in verifying whether the Property in fact had the represented access rights before publishing or repeating those statements.

60. R & L intended that Plaintiffs rely on the information in connection with the purchase.

61. Plaintiffs did rely on the information.

62. Plaintiffs were damaged as a direct and proximate result.

63. As a direct and proximate result of Defendant's negligent misrepresentation, Plaintiffs suffered damages in excess of $75,000, including diminution in the fair market value of the Property, incidental costs, and loss of the intended use of the Property.

WHEREFORE, Plaintiffs demand judgment against Defendant for compensatory damages, prejudgment interest, costs and other such relief as the Court deems just and proper.

## COUNT III
## FAILURE TO DISCLOSE / FRAUDULENT CONCEALMENT

**(In the Alternative)**
**Against R & L**

64. Plaintiffs reallege paragraphs 1 through 40.

65. Under Florida law, a seller of residential real property has a duty to disclose known facts materially affecting the value of the property that are not readily observable and are not known to the buyer.

66. The absence of established island access through dock access or dock association membership materially affected the value and usability of the Property.

67. The absence of such recognized rights was not readily observable to Plaintiffs before closing.

68. R & L knew that the Property lacked the represented access arrangement and failed to disclose that fact.

69. R & L's failure to disclose was material and induced Plaintiffs to proceed with the purchase.

70. Plaintiffs relied on R & L's silence and affirmative representations in proceeding with the transaction.

71. Plaintiffs suffered damages as a direct and proximate result.

WHEREFORE, Plaintiffs demand judgment against Defendant for compensatory damages, prejudgment interest, costs and other such relief as the Court deems just and proper.

## COUNT IV
## BREACH OF CONTRACT / EXPRESS WARRANTY
### Against R & L

72. Plaintiffs reallege paragraphs 1 through 40.

73. Plaintiffs and R & L entered into a valid written contract for the purchase and sale of the Property.

74. Paragraph 8(d) of the Contract states: "Seller warrants that the Property presently has ingress and egress."

75. That warranty was material and part of the bargain between the parties.

76. R & L warranted that the Property presently had ingress and egress. Because Little Gasparilla Island is accessible only by water and the Property had no recognized established dock rights, dock association membership, public landing, or lawful water-taxi access point, the Property lacked the warranted ingress and egress.

77. Plaintiffs have no legal ingress or egress to / from the LGI island and thus Plaintiffs have no legal ingress or egress to / from the Property.

78. R & L breached the Contract by conveying the Property without the warranted access arrangement.

79. Plaintiffs performed all conditions precedent to bring this action, or such conditions were waived or excused.

80. Plaintiffs suffered damages as a direct and proximate result of the breach.

81. Plaintiffs seek damages, prejudgment interest, costs, and attorney's fees under Paragraph 17 of the Contract and other applicable law.

WHEREFORE, Plaintiffs demand judgment against Defendant for compensatory damages, prejudgment interest, costs of suit, attorney's fees under the Contract, and such other and further relief as the Court deems just and proper.

## COUNT V
## ALTERNATIVE RESCISSION AND RESTITUTION
### (In the Alternative)
### Against R & L

82. Plaintiffs reallege paragraphs 1 through 81 as if fully set forth herein and plead this count in the alternative.

83. In the alternative to damages, Plaintiffs seek rescission of the transaction based on the material misrepresentations, concealment, and failure of the Property to conform to the Contract's express warranty.

84. Plaintiffs are entitled to restitution of the amount by which R & L was unjustly enriched as a result of the transaction.

85. Equity requires restoration of the parties to the status quo to the extent possible.

86. Plaintiffs seek rescission and restitution only in the alternative to their claims for damages.

WHEREFORE, Plaintiffs demand judgment against Defendant for rescission and restitution, prejudgment interest, costs of suit, attorney's fees under the Contract, and such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted, June 23, 2026.

/s/James G. Lince
James George Lince
Florida Bar No.: 1049422
LINCE LAW PLLC
P.O. Box 8310
Longboat Key, Florida 34228
Tele: 941-724-3455
Fax: 941-761-5221
Email: jglince@lincelaw.com
Attorney for Plaintiffs